ESTES & a. *v.* HOME MANUFACTURERS AND TRADERS MUTUAL INSURANCE COMPANY.

SAME *v.* AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY.

SAME *v.* ÆTNA MUTUAL FIRE INSURANCE COMPANY.

Provisions in an insurance policy that any broker procuring it shall be deemed the agent of the insured and not of the insurers, and that the payment of a premium to any one except the insurers or their agent shall be at the risk of the insured, are not conclusive on the question of such agency.

The insurers' waiver of a forfeiture of a policy for non-payment of a premium may be inferred from conduct inconsistent with a purpose to insist thereon, and from their practice of not insisting on such forfeitures of other policies.

ASSUMPSIT, on insurance policies upon the plaintiffs' stock of goods in their store in New York city. Facts agreed. The plaintiffs applied to Abraham Barker, an insurance broker in New York city, for the insurance, and he sent the application to Morrill & Danforth, of Concord, N. H. Morrill of this firm was the secretary of the defendant corporations, Danforth was the treasurer, and the firm were their agents. They wrote the policies under date of May 16, 1890, and sent them to Barker, and charged the premiums to him on their books. They had previously issued policies upon similar applications from Barker, and charged them to him; but they had no claim against him unless he collected the

. premiums from the insured.   The policies were not in the New
Hampshire standard form, but were such as were issued by the
defendants upon property located outside the state.   They con-
tained the following provisions : " If the premium hereon is not
paid to this company within thirty days from date of this policy,
it shall be null and void.   .   .   .   If any broker or other person
than the assured have procured this policy, or any renewal thereof,
or any endorsement thereon, he shall be deemed to be the agent
of the assured, and not of the company, in any transaction relating
to the insurance ; and the payment of the premium to any person
or persons other than to the company or its duly authorized agent
shall be at the risk of the assured."

The plaintiffs paid the premiums to Barker, September 5, 1890,
but he did not forward them to Morrill & Danforth, nor notify
them of the payment.   November 10, 1890, Morrill, as secretary
of the defendant corporations, wrote Barker as follows : " We are
just in receipt of H. W. Johnson policies in the Home, Ætna, and
American, and we enclose herewith account with credits for the
same thereon.   We notice that policies issued in April, May, and
August, as per bill, have not been paid.   We cannot understand
why you should allow policies written so long ago to remain
unpaid so long.   We must now insist upon immediate payment of
premiums on these policies ; and unless we receive our pay more
promptly, we shall decline to issue any more policies for you."
In a postscript he said, " If above collections are not now made
promptly, we shall notify parties."   The account enclosed was, —

"Abraham Barker                    To Morrill & Danforth       Dr.
     To premiums of insurance as follows :

| Date. | Name of Company. | No. of Policy. | | |
|---|---|---|---|---|
| 1890 | | | | |
| Apr. | Home | 55,421 | | $  5.00 |
| " | Ætna | 47,995 | | 5.00 |
| May | Home | 55,477 | | 12.50 |
| " | Ætna | 48,043 | | 12.50 |
| " | American | 34,567 | | 12.50 |
| | | | | $47.50 |
| | Cr. | | | |
| Nov. | Home | 55,368 | $5.25 | |
| " | Ætna | 47,931 | 5.25 | |
| " | American | 34,472 | 5.25 | |
| | | | | 15.75 |
| | | | | $31.75 |
| | | | Coms. | 4.76 |
| | | | | $26.99 |
| 15 per cent. on $7 error in remittance of Aug. 20th | | | | 1.05 |
| | | | | $28.04 " |

Policies numbered 55,477, 48,043, 34,567 were those in suit. Barker received the letter November 12, and on that day mailed to Morrill & Danforth a check for $28.04 with the account to be receipted. The property insured was damaged by fire on the same day, between four and five o'clock in the afternoon. Morrill & Danforth received the check November 13, and, before hearing of the fire, receipted and mailed the account to Barker, and deposited the check in a bank to their credit. Upon hearing of the fire, they withdrew the check from the bank and returned it to Barker, refusing to receive payment for the policies. The defendants had frequently accepted premiums upon policies sent to Barker after the expiration of thirty days from their dates, and waived an avoidance of the policies for non-payment of premiums within the thirty days; but they never did this after there was a loss of the property insured, or a change in the nature of the risk. The defendants claim that the policies are void because the premiums were not seasonably paid.

*Calvin Page*, for the plaintiffs.

*Streeter, Walker & Chase*, for the defendants.

CHASE, J. The premiums were paid to Barker before the loss occurred, but not until after the expiration of thirty days from the date of the policies. Whether Barker was the defendants' " duly authorized agent" to receive them, and whether the defendants by their dealings with him in relation to these and other policies waived their right to avoid the policies for the non-payment of premiums within the thirty-days limit, are questions of fact. There is evidence from which a jury can properly find in favor of the plaintiffs upon both questions. *Gaysville Manufacturing Company* v. *Insurance Company, ante, p.* 457.

*Case discharged.*

All concurred.